IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

KAY SIEVERDING

                                                           **Case No. 05-2510 JWL**

       **Plaintiff,**

**v.**

**WORLDWEST LIMITED LIABILITY COMPANY**

       **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff Kay Sieverding filed suit on December 8, 2005, against Worldwest Limited Liability Company ("Worldwest") alleging claims for defamation per se, intentional infliction of emotional distress, false light publicity, First Amendment retaliation, obstruction of justice, intentional interference with economic advantage, and tortious criminal defamation.

This matter comes before the court on two motions filed by Ms. Sieverding. On February 21, 2000, she filed an amended motion to dismiss without prejudice (doc. 18). On March 7, 2006, she filed a motion to stay (doc. 19). For the reasons explained below, the court will grant her motion to dismiss without prejudice and deny her motion to stay.

### ANALYSIS

The court possesses discretion whether to grant a motion to stay. *Reed v. Bennett*, 312 F.3d 1190, 1193 n.1 (10th Cir. 2002) (citing *Ben Ezra, Weinstein, and Co., Inc. v. America*

1

*Online Inc.*, 206 F.3d 980, 987 (10th Cir. 2000)). "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Air Line Pilots Ass'n v. Miller*, 523 U.S. 866, 879 (1998) (citation omitted). Although the court has discretion to grant the motion, "[t]o be sure, the movant 'bears the burden of establishing its need' for such a stay." *LaSala v. Needham & Co., Inc.*, 399 F. Supp. 2d 421, 427 (S.D.N.Y. 2005) (citation omitted).

> In support of her motion to stay, Ms. Sieverding states:
>
> Would it be possible to modify the motion to dismiss to a motion to stay, without going to jail, while Sieverding pursues her appeal for return of her rights as a U.S. Citizen, so that Sieverding won't have to repay the filing and service expenses? Sieverding believes that the 10th Circuit will return her rights as a U.S. Citizen since there is no basis in federal procedure to remove the rights to pursue an action pro se, there was no finding of fraud or misconduct on her part, Rule 65 procedure was not followed, and there were no hearings on proposed injunction. The District of Colorado has a special form for a preliminary injunction but it was not used. It has a line for a law to be filled in, but no law was cited, other than the broke prisoner free filing law, which is not applicable.

Based on this unsupported request, the court is not persuaded to stay the matter, but rather, believes dismissal is appropriate. There is no support in the Tenth Circuit that a motion to stay must be granted simply because a plaintiff wants to avoid a filing fee. Additionally, Ms. Sieverding recently was incarcerated for not complying with a court order in the United States District Court in the District of Colorado to not file a lawsuit without counsel. *See Sieverding v. Faegre & Benson, LLP*, 2005 WL 1431577, *2 (D. Minn. 2005) (explaining that the district court in Colorado "enjoined and prohibited [plaintiffs] from commencing

2

litigation in this or any other court based on the series of transactions described in this case, unless they are represented by counsel", which the Tenth Circuit affirmed, "including the imposition of filing restrictions.") (citing *Sieverding v. Colo. Bar Ass'n*, 2005 WL 928748 (10th Cir. 2005)).

Ms. Sieverding has filed numerous pro se complaints in federal district courts across the country, and in recently affirming the filing restriction imposed by the district court in Colorado, the Tenth Circuit opined that her "'arguments' on appeal are incomprehensible." *Id.* The court also draws support from another district court opinion granting a similar motion to dismiss without prejudice in a related suit filed by Ms. Sieverding:

> Part of the Colorado court's reason for imposing filing restrictions on plaintiffs was the frequency, quantity, and confusing nature of plaintiffs' filings. The Court notes that in the approximately seven months since filing their complaint in this court, plaintiffs have filed no less than 38 motions, in addition to a number of other letters, responses, and objections. Even a cursory glance at these documents reveals that many are, at best, unnecessarily verbose and confusing, or, at worst, simply frivolous. The Court, accordingly, agrees with the Colorado court that plaintiffs require the assistance of an attorney to ensure that their claims are presented coherently and according to applicable rules, and that any representation to or request of the Court rests on sound legal grounds. This will ensure that neither the Court's nor the plaintiffs' time and resources are unnecessarily wasted.

*Sieverding v. Faegre & Benson, LLP*, 2005 WL 1431577, *3 (D. Minn. 2005)

Given the state of affairs and the importance of Ms. Sieverding complying with the court order not to file lawsuits without counsel, the court declines to exercise its discretion to grant the motion to stay and instead opts to grant her motion to dismiss without prejudice. *See Chestra v. Kansas*, 34 Fed. Appx. 609, 610 (10th Cir. 2002) ("[Plaintiff] asserts that the district court should have granted his motion to stay the proceedings rather than dismiss

3

without prejudice. We find that the district court did not abuse its discretion in dismissing without prejudice rather than staying the proceedings.").

**IT IS THEREFORE ORDERED BY THE COURT** that the motion to dismiss without prejudice (doc. 18) is granted, and the motion to stay (doc. 19) is denied.

**IT IS SO ORDERED** this 6th day of April, 2006.

                                          s/ John W. Lungstrum
                                          John W. Lungstrum
                                          United States District Judge